GIGNOUX, *Assignee*, v. DOWNS & a.

An assignee in insolvency, who by accident and mistake omits within the time limited by the statute to file objections to claims against the estate, should apply to the probate court for relief. His remedy is not by bill in equity.

BILL IN EQUITY, by the assignee in insolvency of William Downs & Sons and W. W. Downs, setting forth that by accident and mistake he was prevented from filing objections within seven months to certain unfounded and fraudulent claims filed by the several defendants against the insolvents' estates, and praying that those claims be disallowed and expunged from the list of claims, or that he be now permitted to file his objections thereto in the probate court, and have the same considered there. The defendants answered severally, denying the allegations of the bill, and also alleged, by way of demurrer, that the reasons assigned as cause of the plaintiff's neglect seasonably to file objections to the claims are not sufficient in law to entitle him to the relief prayed for.

*Calvin Page* and *Frink & Batchelder*, for the plaintiff.

*John Hatch*, for the defendants.

ALLEN, J. The probate court has jurisdiction in the first instance of questions arising under the assignment. G. L., c. 140. "Every creditor shall file in the probate office, within six months after said assignment, a distinct statement of the particulars of his claim against the debtor, and of the offsets thereto, verified by the oath or affirmation of himself, or his agent or attorney, substantially as follows [the form of oath being given in the statute]. All objections to any claim so presented shall be filed in the probate office within seven months after such assignment, and shall specify the particular items objected to, with the grounds of objection, under oath, of the debtor, assignee, or creditor objecting." G. L., c. 140, ss. 11, 12.

Whether the administrator and heirs are creditors within the meaning of the statute, and whether their claims and that of Brown are claims in regard to which the plaintiff needs any relief, and whether, if he needs it, he can obtain it on the grounds of accident and mistake stated in the bill, are questions to be determined in the probate court on his application for leave to file objections, or in some other mode of procedure, and, if necessary, on appeal. If upon the true construction of the statute he has lost any rights by his failure to file objections, equity cannot relieve him against the statute.

*Bill dismissed.*

CLARK, J., did not sit: the others concurred.